UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Monty Fagnan,<br><br>           Plaintiff,<br>v.<br><br>Target Corporation,<br><br>           Defendant. | Civil No. 15-2198(DSD/HB) |
| Nikita Seras-Nachole Cordes,<br><br>           Plaintiff,<br>v.<br><br>Target Corporation,<br><br>           Defendant. | Civil No.: 15-2202(DSD/HB)<br><br>**ORDER** |

   Stephen M. Premo, Esq. and Halunen & Associates, 1650 IDS Center, 80 South Eighth Stree, Mnneapolis, MN 55402, counsel for plaintiff.

   Jennifer L. Cornell, Esq. and Nilan Johnson Lewis PA, 120 South Sixth Street, Suite 400, Minneapolis, MN 55402, counsel for defendant.


   This matter is before the court upon the motions for remand by plaintiffs Monty Fagnan and Nikita Seras-Nachole Cordes. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motions.

## BACKGROUND

This employment discrimination action arises out of alleged conduct by plaintiffs' former employer, defendant Target Corporation. On April 9, 2015, plaintiffs filed separate complaints against Target in Hennepin County, alleging sex discrimination, sexual orientation discrimination, and reprisal discrimination under the Minnesota Human Rights Act, and sex discrimination and reprisal discrimination under Title VII of the Civil Rights Act of 1964.

On April 29, 2015, Target timely removed both cases to this court under 28 U.S.C. §§ 1441 and 1446. Soon thereafter, the court issued a scheduling order and discovery commenced. During the course of discovery, plaintiffs' counsel learned that plaintiffs failed to exhaust their administrative remedies on the federal claims before filing the complaint. Premo Decl. ¶ 5. The parties then stipulated to the dismissal of the federal claims. On September 4, 2015, the court dismissed the federal claims with prejudice and granted plaintiffs leave to file an amended complaint. Plaintiffs promptly did so, asserting claims only under the Minnesota Human Rights Act. Two days later, plaintiffs filed the instant motions to remand under 28 U.S.C. § 1367(c).

## DISCUSSION

Because the court has dismissed plaintiffs' federal claims, the only claims for which original jurisdiction existed, the court must consider whether to exercise supplemental jurisdiction over the remaining state-law claims. See 28 U.S.C. § 1367(c)(3); Johnson v. City of Shorewood, Minn., 360 F.3d 810, 819 (8th Cir. 2004). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 756 (8th Cir. 2010) (per curiam) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)); see also Kapaun v. Dziedzic, 674 F.2d 737, 739 (8th Cir. 1982) ("The normal practice where federal claims are dismissed prior to trial is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts.").

Based on consideration of the pendent jurisdiction factors, the court will not exercise its discretion to take supplemental jurisdiction over the state-law claims. This case was initially commenced in state court, and the remaining claims depend solely on determinations of state law. See Farris v. Exotic Rubber and Plastics of Minn., Inc., 165 F. Supp. 2d 916, 919 (D. Minn. 2001)

("State courts, not federal courts, should be the final arbiters of state law.") (quoting <u>Baggett v. First Nat'l Bank of Gainesville</u>, 117 F.3d 1342, 1353 (11th Cir. 1997)). Further, the parties are still engaging in discovery and the court has not yet expended substantial resources tending to this matter. Under the circumstances, the court is satisfied that declining to exercise supplemental jurisdiction will not harm the parties. Therefore, the court remands plaintiffs' state-law claims to Hennepin County District Court. The court denies Target's request for attorney's fees and costs.

## CONCLUSION

Accordingly, based on the above, IT IS HEREBY ORDERED that

1.   The motion to remand in 15-cv-2198 [ECF No. 21] is granted;

2.   The motion to remand in 15-cv-2202 [ECF No. 18] is granted; and

3.   Both cases are remanded to Hennepin County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 9, 2015

<u>s/David S. Doty</u><br>
David S. Doty, Judge<br>
United States District Court

4